Exhibit 1

**STATE OF NORTH CAROLINA**

Madison County

File No. 24 CVS 222

FILED 2024 AUG 22 A 9:02
MADISON CO., C.S.C.
BY _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

**GENERAL CIVIL ACTION COVER SHEET**

☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

| | |
|---|---|
| **Name And Address Of Plaintiff 1**<br>Maleena Rector<br>80 Central Ave.<br>Asheville, NC 28801 | **Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)<br>The Law Offices of Elston, Donnahoo and Williams<br>Brian Elston<br>80 Central Ave.<br>Asheville, NC 28801 |
| **Name And Address Of Plaintiff 2** | Telephone No. 828-575-9700    Cellular Telephone No. 828-450-2897<br>NC Attorney Bar No. 39662    Attorney Email Address: brian@brianelstonlaw.com |

**VERSUS**

| | |
|---|---|
| **Name And Address Of Defendant 1**<br>Robert Dennis Burnette, III<br>104 Arrowood Road<br>Weaverville, NC 28787<br>Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case   ☐ Change of Address |
| **Name And Address Of Defendant 2**<br>The Madison County Board of Education<br>5738 Hwy 25/70<br>Marshall, NC 28753<br>Summons Submitted ☒ Yes ☐ No | Name Of Firm: The Law Offices of Elston, Donnahoo & Williams   Fax No. 828-575-9705<br>Counsel For: ☒ All Plaintiffs ☐ All Defendants ☐ Only (list party(ies) represented) |

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

**TYPE OF PLEADING**

(check all that apply)

- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) (see Note)
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim (list on back) (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

## CLAIMS FOR RELIEF

- [ ] Administrative Appeal (ADMA)
- [ ] Appointment Of Receiver (APRC)
- [ ] Attachment/Garnishment (ATTC)
- [ ] Claim And Delivery (CLMD)
- [ ] Collection On Account (ACCT)
- [ ] Condemnation (CNDM)
- [ ] Contract (CNTR)
- [ ] Discovery Scheduling Order (DSCH)
- [ ] Injunction (INJU)
- [ ] Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- [ ] Medical Malpractice (MDML)
- [ ] Minor Settlement (MSTL)
- [ ] Money Owed (MNYO)
- [ ] Negligence - Motor Vehicle (MVNG)
- [X] Negligence - Other (NEGO)
- [ ] Motor Vehicle Lien G.S. Chapter 44A (MVLN)
- [ ] Possession Of Personal Property (POPP)
- [ ] Product Liability (PROD)
- [ ] Real Property (RLPR)
- [ ] Specific Performance (SPPR)
- [ ] Other *(specify and list each separately)* Invasion of Privacy; IIED; Punitive Damages; Title IX; Negligent Supervision

Date: 8/22/24

Signature Of Attorney/Party: *[signed]*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | Additional Plaintiff(s) |
|---|---|
| | |

| No. | Additional Defendant(s) | Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | Yes / No |
| | | | Yes / No |
| | | | Yes / No |
| | | | Yes / No |
| | | | Yes / No |

Plaintiff(s) Against Whom Counterclaim Asserted

Defendant(s) Against Whom Crossclaim Asserted

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 24 CVS 222 |
|---|---|
| Madison County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Maleena Rector |
| Address |
| 80 Central Ave. |
| City, State, Zip |
| Asheville  NC  28801 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| Robert Dennis Burnette, III, in his individual capacity; and The Madison County Board of Education |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

Includes First Set of Discovery to both Defendants and First Set of Admissions to Defendant Burnette

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Robert Dennis Burnette, III<br>104 Arrowood Road<br>Weaverville  NC  28787 | Madison County Board of Education<br>5738 Hwy 25/70<br>Marshall  NC  28753 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| The Law Offices of Elston, Donnahoo & Williams<br>Brian Elston<br>80 Central Ave.<br>Asheville  NC  28801 | 8/22/24 | 9:02  ☒ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

STATE OF NORTH CAROLINA  FILED  IN THE GENERAL COURT OF JUSTICE
COUNTY OF MADISON                 SUPERIOR COURT DIVISION
                    2024 AUG 22 A 9:03   FILE NO: 24 CVS 222

                    MADISON CO., C.S.C.

MALEENA RECTOR,         BY_____
    Plaintiff,

v.                                          COMPLAINT
                                       (JURY TRIAL DEMANDED)
ROBERT DENNIS BURNETTE, III,
in his individual capacity; and THE
MADISON COUNTY BOARD OF
EDUCATION,
    Defendants.

NOW COMES Plaintiff MALEENA RECTOR (hereinafter "Plaintiff") by and through undersigned counsel, and files this complaint of the Defendants, ROBERT DENNIS BURNETTE, III, in his individual capacity (hereinafter referred to as "Defendant Burnette"), and THE MADISON COUNTY BOARD OF EDUCATION (hereinafter referred to as "Defendant Board" and with Defendant Burnette collectively referred to as "Defendants") and in support thereof alleges:

JURISDICTION AND VENUE

1. At all relevant times herein, Plaintiff was a citizen and resident of Madison County, North Carolina. At all relevant times herein, Plaintiff was a student at Madison High School ("MHS").

2. Plaintiff reached the age of majority (18) on August 10, 2023 and timely files this suit in accordance with N.C.G.S. § 1-17.

3. At all relevant times herein, based on information and belief, Defendant Burnette was a citizen and resident of Buncombe County, North Carolina. Based on information and belief, Defendant Burnette's last known address is 104 Arrowood Road, Weaverville, NC 28787. At all relevant times herein, Defendant Burnette was employed by Defendant Board and worked as a math teacher at MHS.

4. Defendant Board is a body corporate organized and existing under N.C.G.S. § 115C *et seq.* with a principal address of 5738 Hwy 25/70, Marshall, NC 28753. Defendant Board operates and maintains Madison County Schools ("System"). MHS is a high school located within the System.

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-1-

5. Based on information and belief, Defendant Board has, pursuant to N.C.G.S. § 115C-42, waived its governmental immunity through the purchase of liability insurance.

6. This is a civil action seeking damages arising from the personal, bodily and mental injuries sustained by Plaintiff as a proximate cause of the alleged breach by Defendants of legal duties owed pursuant to North Carolina statutory and common law, as hereinafter more particularly described.

7. Jurisdiction of the court is invoked pursuant to N.C. Const. Art. IV § 12, N.C.G.S. §§ 7A-3, 7A-240 and 7A-243, as well as the common law of North Carolina, specifically in that Plaintiff seeks damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## FACTUAL ALLEGATIONS

8. Plaintiff herein incorporates by reference paragraphs 1 through 6 of this Complaint.

9. In August 2020, Plaintiff started her high school experience as a freshman at MHS.

10. For the fall semester of the 2020-2021 academic year, Defendant Burnette was Plaintiff's math teacher for Foundations of NC Math 1 (the "Class").

11. Based on information and belief, during the 2020-2021, Defendant Burnette had an Educator's license for Science 9-12 but not for Math 9-12.

12. Upon information and belief, the 2020-2021 academic year, Defendant Burnette demonstrated inherent unfitness and incompetency to the extent the Board, by and through its agents, was on notice of, actually or constructively, of such behavior. Defendant Burnette did not conduct himself in a professional manner with students, administered little classroom management, and permitted students to come and go as they pleased, allowed use of cell phones against school policy, and other ways that demonstrated Defendant Burnette was unfit.

13. On or about September 18, 2020, just a few weeks into the school year, Plaintiff was in the Class and was wearing a tank top and cardigan. Plaintiff was fifteen (15) years old at the time. Plaintiff was leaning over and working on her computer. While leaning over, out of the corner of her eye, Plaintiff witnessed Defendant Burnette using his cell home to take a photograph of her at an angle that appeared to be looking down Plaintiff's shirt.

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

14. Immediately after he took the photograph, Plaintiff confronted Defendant Burnette about his inappropriate actions. Defendant Burnette lied to Plaintiff and denied taking a photograph of her.

15. In response to his lie about not taking the photograph, Plaintiff became emotionally distraught because she knew that Defendant Burnette had taken, or was attempting to take, an inappropriate photograph of her and, when confronted with what he had done, Defendant Burnette lied to her about doing it.

16. On the afternoon of September 18, 2020, Plaintiff broke down emotionally when she told her best friend and her best friend's father what had happened that day in the Class with Defendant Burnette.

17. On September 18, 2020, Plaintiff informed her mother what had happened in the Class with Defendant Burnette. Upon hearing what Defendant Burnette had done, Plaintiff's mother immediately went to MHS to meet with Dr. David Robinson, MHS Principal, to complain about the incident.

18. On the day of Plaintiff's complaint, by and through her mother, Principal Robinson informed Plaintiff's mother that he would investigate the incident.

19. Based on information and belief, Principal Robinson failed to conduct any meaningful investigation into the allegations concerning Defendant Burnette's behavior. Based on information and belief, Defendant Burnette's did not conduct his investigation in accordance with any of the Defendant Board's policies and procedures, effective at the time, for complaints concerning sexual harassment and inappropriate sexual activity by a teacher towards a student.

20. Approximately two weeks after Plaintiff's mother complained to Principal Robinson, Principal Robinson informed Plaintiff's mother that Defendant Burnette was supposedly doing a school project for one of his courses at Mayland Technical Community College ("Mayland Tech") where he was studying the effects of teaching during COVID and the use of social distancing and masks in the classroom.

21. At all times relevant to Plaintiff's Complaint, Defendant Burnette was never enrolled at Mayland Tech. Defendant Burnette's enrollment at Mayland Tech is a matter of public record, and thus if Principal Robinson had simply contacted Mayland Tech's student services, Principal Robinson would have easily discovered that Defendant Burnette: (i) had only taken one (1) class in 2011; (ii) was not currently enrolled at Mayland Tech; and (iii) was being untruthful.

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-3-

Case 1:24-cv-00245-MOC-WCM   Document 1-1   Filed 09/26/24   Page 7 of 15

22. Furthermore, based on information and belief, during his alleged investigation, Principal Robinson never inspected Defendant Burnette's cell phone because, had he done so, Principal Robinson would have clearly seen the inappropriate photographs and images Defendant Burnette had taken of Plaintiff and possibly other students in the Class.

23. Principal Robinson should have been suspicious of Defendant Burnette's "explanation" that he was taking photographs for his community college class because when Plaintiff confronted him, Defendant Burnette had denied taking any photographs at all. Furthermore, under no circumstance was it ever appropriate for Defendant Burnette to take a picture down Plaintiff's shirt.

24. Based on information and belief, Principal Robinson never conducted a follow-up to his alleged investigation, and it is unknown if Defendant Burnette was reprimanded or disciplined for his actions on September 18, 2020.

25. For the remainder of the first semester, Plaintiff felt uncomfortable in the Class and around Defendant Burnette. Plaintiff did not want to go to school, be in the Class or interact with Defendant Burnette.

26. For the second semester of the 2020-2021 academic year, Plaintiff was assigned to Defendant Burnette's NC Math 1 class.

27. Plaintiff told her mother that she had a very uncomfortable feeling concerning Defendant Burnette and felt his behavior odd especially compared to her interactions with her other teachers. Defendant Burnette essentially displayed no classroom management and allowed the students to do whatever they wanted, like making TikTok videos in class and hanging out in a closet area in Defendant Burnette's classroom. Defendant Burnette's behavior demonstrated that he was unfit for teaching and the Board knew or should have known that he was unfit to teach.

28. In light of Plaintiff's feelings towards Defendant Burnette and the existing September 2020 incident, Plaintiff's mother met again with Principal Robinson to complain and to get Plaintiff moved into a different math class.

29. At the time, there were no other teachers teaching the math course Plaintiff needed; so, Plaintiff had no choice but to stay enrolled in Defendant Burnette's class.

30. During the second semester, Principal Robinson told Plaintiff's mother that he would keep an eye on the situation.

31. Plaintiff continued to feel very uncomfortable around Defendant Barnette

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-4-

and avoided as much interaction with him as possible.

32. In May 2022, over a year and a half after the September 18, 2020 initial incident with Plaintiff, based on information and belief, much like the situation with Plaintiff in September 2020, Defendant Burnette was caught in the act of taking a picture down the shirt of another female student in his classroom. As a result of that incident, an official investigation ensued, and Defendant Burnette was eventually arrested and charged with multiple crimes.

33. On May 24, 2022, Plaintiff learned from officials at the Madison County Sheriff's Office that Defendant Burnette had been arrested and that law enforcement officials had found pictures and images of Plaintiff, as well as other female students, on Defendant Burnette's cellular phone and, based on information and belief, had found secret cameras in Defendant Burnette's classroom.

34. Based on information and belief, Defendant Burnette had continued to take photographs of Plaintiff after September 18, 2020 and after her mother had made her initial complaint to Principal Robinson.

35. Plaintiff again became emotionally distraught learning that not only had she been victimized by Defendant Burnette but that he had continued his actions to her and other female students.

36. Defendant Burnette was charged with over 26 criminal charges related to his illicit behavior as a teacher for the Defendant Board and on school premises. On March 1, 2024, Defendant Burnette plead guilty to Felony Indecent Liberties with Student (22CRS 050271, 22 CRS 50279, 22 CRS 050280, 22 CRS 050281, 22 CRS 050282, 22 CRS 50276, 22 CRS 50277, 22 CRS 50278, 22 CRS 50275, 22 CRS 50274, 22 CRS 50273, 22 CRS 50272) and Misdemeanor Stalking (22 CRS 050308, 50307, 50305, 50306, 50304).

### CLAIM 1: INVASION OF PRIVACY
(Defendant Burdette)

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 of this Complaint.

38. Defendant Burnette intruded upon Plaintiff's privacy when he secretly recorded her private affairs or personal concerns using his cellular phone and secret cameras.

39. Plaintiff did not discover that her privacy was invaded until May 24, 2022 when the authorities notified her of Defendant's actions. Further, Plaintiff did not turn

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-5-

18 until August 10, 2023.

40. Defendant Burnette's intrusion was intentional, and he secretly recorded Plaintiff with purpose and reckless indifference to its consequences.

41. A reasonable person under the same or similar circumstances as Plaintiff would be highly offended by such intrusion.

42. As a direct and proximate result of Defendant Burnette's conduct, Plaintiff has suffered damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

### CLAIM 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Burdette)

43. Plaintiff hereby incorporates by reference paragraphs 1 through 41 of this Complaint.

44. Defendant Burnette's conduct as set forth herein was extreme and outrageous and exceeds all bounds usually tolerated by decent society.

45. Defendant Burnette's conduct as set forth herein was intended to cause, or was recklessly indifferent to the likelihood that his conduct would cause, Plaintiff severe emotional and mental distress.

46. Plaintiff did in fact suffer severe emotional and mental distress as a result of Defendant Burnette's conduct.

47. As a direct and proximate result of Defendant Burnette's conduct, Plaintiff has suffered damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

### CLAIM 3: PUNITIVE DAMAGES
### (Defendant Burdette)

48. Plaintiff hereby incorporates by reference paragraphs 1 through 44 of this Complaint.

49. Plaintiff incurred medical expenses and other compensatory damages as a proximate cause of Defendants' conduct.

50. Defendant Burnette's conduct was malicious, willful, wanton and otherwise indicates Defendant Burnette's conscious and intentional disregard of and

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

indifference to Plaintiff's rights and safety, which Defendant Burnette knew or should have known was reasonably likely to result in injury, damages or other harm to Plaintiff.

### CLAIM 4: VIOLATION OF TITLE IX
(Defendant Board)

51. Plaintiff hereby incorporates by reference paragraphs 1 though 50 of this Complaint.

52. Title IX of the Educational Amendments of 1972 states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

53. At all relevant times herein, Plaintiff was a student at MHS, an educational institution receiving federal funds.

54. Plaintiff was subjected to harassment based on her sex in that Defendant Burnette, Plaintiff's math teacher, took sexually inappropriate photographs of Plaintiff while Plaintiff was in Defendant Burnette's classroom at MHS.

55. Defendant Burnette's actions against Plaintiff were sufficiently severe or pervasive to create a hostile environment in Defendant Burnette's classroom in that (i) Plaintiff actually caught Defendant Burnette in the act (or attempted act) of trying to take a photograph down her shirt; (ii) Defendant Burnette lied to Plaintiff and Principal Robinson about what he was doing; and (iii) after the incident, Plaintiff felt uncomfortable being in Defendant Burnette's classroom and did want to go to school or be around Defendant Burnette.

56. Principal Robinson, an agent of Defendant Board who at a minimum had authority to institute corrective measures on Defendant Board's behalf, had actual notice of, and was deliberately indifferent to, Defendant Burnette's conduct. Principal Robinson's response and investigation to Plaintiff's notice of misconduct was clearly unreasonable in light of the known circumstances in that:

(i) Based on information and belief, Principal Robinson did not inspect Defendant Burnette's cellular phone to see what photographs, if any, Defendant Burnette had taken;

(ii) Failed to ascertain basic information (which was readily public and available) to verify Defendant Burnette's false explanation about his behavior;

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-7-

(iii) Failed to conduct a reasonable investigation following Defendant Board's policies and procedures in place at the time;

(iv) Failed to conduct reasonable and proper supervision of Defendant Burnette, especially in light of Defendant Burnette's status as a non-licensed teacher;

(v) Failed to conduct a reasonable follow-up to his initial investigation; and

(vi) At other ways to be proven at a trial in this matter.

57. As a direct and proximate result of Defendant Board's actions or inactions by and through Principal Robinson's deliberately indifferent conduct, Plaintiff has suffered damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## CLAIM 5: NEGLIGENCE
(Defendant Board)

58. Plaintiff hereby incorporates by reference paragraphs 1 though 57 of this Complaint.

59. At all relevant times herein, Principal Robinson, as well as other MHS administrators, were employed by Defendant Board and were acting within the course and scope of their employment duties and their actions or omissions are imputed to Defendant Board through respondeat superior.

60. Pursuant to Federal and state law, Defendant Board has a duty to thoroughly and promptly investigate claims of bullying and harassing behavior that creates, or is certain to create, a hostile environment by substantially interfering with or impairing a student's educational performance, opportunities and benefits.

61. Defendant Board's Policy 1720 – Discrimination, Harassment and Bullying Complaint Procedure, effective at all times herein, provides an extensive procedure for when and how a principal must investigate allegations of alleged sexual misconduct by a school employee against a student. Additionally, Defendant Board's Policy 7300 – Staff Responsibilities, effective at all times herein, requires school personnel to know, support and comply with applicable laws, policies and procedures and to attend to the safety and welfare of students.

62. In addition to Defendant Board's policies and procedures, generally, school administrators' duties include taking reasonable precautions to prevent sexually provocative behavior between a teacher and students; investigating an alleged sexual

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-8-

incident between a teacher and student; and exercising professionalism and objectively good judgment when investigating an alleged sexual incident involving a teacher and a student.

63. Principal Robinson, and potentially other school administrators, breached the legal duties owed to Plaintiff by:

    (a) Failing to conduct a basic investigation of Plaintiff's complaint and allegations concerning Defendant Burnette's behavior in the Class;

    (b) Failing to comply with Defendant Board's policies and procedures with respect to the investigation of Plaintiff's complaint and allegations concerning Defendant Burnette' behavior in the Class;

    (c) Failing to conduct any routine follow-up to ascertain Defendant Burnett's asserted claims and activities;

    (d) After being on notice of Plaintiff's complaint and allegations, failing to implement any reasonable precautions and supervision with respect to Defendant Burnette and his classroom; and

    (e) By such other ways to be proven at trial.

64. Principal Robinson, and potentially other school administrators, is not entitled to public official immunity as his actions or inactions were tantamount to legal malice in that Principal Robinson's lack of reasonable investigation and inquiry into Plaintiff's complaint and allegations against Defendant Burnette amounted to a reckless indifference to the rights and safety of Plaintiff and others.

65. As a proximate cause of Defendant Board's actions, by and through its employees, Plaintiff suffered personal injuries, property loss, causing medical and other expenses in an amount to be proven at trial and in excess of $25,000.00.

### CLAIM 6: NEGLIGENT SUPERVISION
(Defendant Board)

66. Plaintiff hereby incorporates by reference paragraphs 1 though 65 of this Complaint.

67. At all relevant times herein, Principal Robinson, as well as other MHS administrators, were employed by Defendant Board and were acting within the course and scope of their employment duties and their actions or omissions are imputed to Defendant Board through respondeat superior.

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

68. Under North Carolina law and Defendant Board's policies and procedures, Principal Robinson, as a school administrator, was under a duty to supervisor Defendant Burnette as a classroom teacher.

69. As a teacher, Defendant Burnette (who, based on the information and belief, was certified to teach 9-12 science and not math) was inherently unfit for the work in which he was engaged based on his lack of classroom management skills and his inappropriate relationships with students. Additionally, while he was in the classroom, he engaged in illegal and lascivious behavior toward Plaintiff and other students.

70. Principal Robinson, or potentially other school administrators, was on notice of Defendant Burnette's inherent unfitness for his duties and allegations of alleged inappropriate sexual behavior as early as September 18, 2020 by Plaintiff and her mother.

71. Despite being on notice of such allegations, Principal Robinson, and potentially other school administrators, did essentially nothing and failed to provide adequate supervision in Defendant Burnette's classroom. Principal Robinson conducted a sham investigation and provided little oversite and supervision in Defendant Burnette's classroom.

72. As a direct and proximate result of Defendant Burnette's lack of supervision and investigation into Defendant Burnette, Defendant Burnette's classroom remained an undisciplined classroom where students essentially came and went as they decided and engaged in whatever activities they wanted to do, thus creating a ripe environment for Defendant Burnette to prey on his victims and to continue to secretly take photographs of Plaintiff and other students in his classroom.

73. Principal Robinson, and potentially other school administrators, is not entitled to public official immunity as his actions or inactions were tantamount to legal malice in that Principal Robinson's lack of reasonable supervision and inquiry into Defendant Burnette's classroom and his relationship and management of his students, especially in light of Plaintiff's complaints and allegations, amounted to a reckless indifference to the rights and safety of Plaintiff and others.

74. As a proximate cause of Defendant Board's actions, by and through its employees, Plaintiff suffered personal injuries, property loss, causing medical and other expenses in an amount to be proven at trial and in excess of $25,000.00.

WHEREFORE, Plaintiff respectfully prays the Court for the following relief:

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-10-

Case 1:24-cv-00245-MOC-WCM   Document 1-1   Filed 09/26/24   Page 14 of 15

1. Compensatory damages against Defendant Burnette, in his individual capacity, and Defendant Board, jointly and severally, in an amount in excess of twenty-five thousand dollars ($25,000.00);

2. For punitive damages against Defendant Burnette, in his individual capacity;

3. That Plaintiff receive interest from Defendants, including pre-judgment interest, as provided by law as of the date of the filing of this Complaint;

4. That the costs of this action be taxed against Defendants;

5. For a trial by jury; and

6. For such other relief as this Court may deem just and proper.

THIS the _22nd_ day of August 2024.

THE LAW OFFICES OF ELSTON,
DONNAHOO & WILLIAMS, P.C.

_____
Brian Elston
N.C. Bar No.: 39662
80 Central Avenue
Asheville, NC 28801
(828) 575-9700 (t)
(828) 575-9705 (f)
brian@brianelstonlaw.com

The Law Offices of Elston
Donnahoo & Williams
80 Central Avenue
Asheville, NC 28801
(828) 575-9700

-11-

Case 1:24-cv-00245-MOC-WCM   Document 1-1   Filed 09/26/24   Page 15 of 15